IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

ROY C. HENSON                                                                PLAINTIFF

v.                           CIVIL NO. 21-cv-3047

KILOLO KIJAKAZI, Acting Commissioner                  DEFENDANT
Social Security Administration

**MEMORANDUM OPINION**

Plaintiff, Roy C. Henson, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying his claims for a period of disability, disability insurance benefits ("DIB"), and supplemental security income ("SSI") benefits under Titles II and XVI of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision.  *See* 42 U.S.C. § 405 (g).

Plaintiff protectively filed his applications for DIB and SSI on October 11, 2018. (Tr. 13). In his applications, Plaintiff alleged disability beginning on August 17, 2017, due to a broken ankle, depression, and arthritis. (Tr. 13, 257). An administrative hearing was held via telephone on August 18, 2020, at which Plaintiff appeared with counsel and testified. (Tr. 33–91). A vocational expert ("VE") also testified.  *Id*.

On November 3, 2020, the ALJ issued a partially favorable decision. (Tr. 9–32).  The ALJ found that, from August 17, 2017, through May 21. 2019, Plaintiff had the following severe impairments: right fibula and talus fractures status post-multiple surgeries, osteoarthritis of the

right ankle and foot, complex regional pain syndrome of the right lower extremity, major depressive disorder, and generalized anxiety disorder. (Tr. 18). The ALJ found Plaintiff's impairments met the severity of listing 1.06 of 20 CFR Part 404, Subpart P, Appendix 1 from August 17, 2017, through May 21, 2019, and found Plaintiff was disabled during this time period. (Tr. 18–19, 21). The ALJ found medical improvement occurred on May 22, 2019, and his disability ended on that date. (Tr. 23). The ALJ found Plaintiff had not developed any new severe impairments since May 21, 2019, and continued to have the same severe impairments listed above, but they no longer met or medically equaled the severity of any of the impairments listed in 20 CFR Part 404. (Tr. 21, 23). The ALJ found that, as of May 22, 2019, Plaintiff retained the residual functional capacity (RFC) to:

> [P]erform sedentary work as defined in 20 C.F.R. §§404.1567(a) and 416.967(a) except the claimant can only occasionally climb ramps and/or stairs and can never climb ladders, ropes, and/or scaffolds; the claimant can only occasionally balance and stoop; the claimant cannot kneel, crouch, or crawl; the claimant cannot push and/or pull or operate foot controls with his right lower extremity; and the claimant must avoid concentrated exposure to temperature extremes, humidity, and hazards including no driving as part of work. The claimant can further perform work where interpersonal contact is routine and tasks involve more than one or two steps, but are not complex, where the complexity of tasks is learned by experience, with several variables and use of judgment within limits, and where supervision required is little for the routine tasks but detailed for non-routine tasks.
> (Tr. 23–26).

The ALJ found Plaintiff was unable to perform any of his past relevant work. (Tr. 26). With the assistance of the VE, the ALJ found Plaintiff could perform the representative occupations of eyeglass frame polisher, printed circuit board touch up screener, and tube operator. (Tr. 27). The ALJ found Plaintiff's disability ended on May 22, 2019, and Plaintiff had not become disabled again since that date, through the date of his decision. (Tr. 27).

Subsequently, Plaintiff filed this action. (ECF No. 2). This case is before the undersigned pursuant to the consent of the parties. (ECF No. 8). Both parties have filed appeal briefs, and the case is now ready for decision. (ECF Nos. 15, 16).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F. 3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

Plaintiff raises the following points on appeal: 1) whether the ALJ erred in failing to find Plaintiff's obesity to be a severe impairment; and 2) whether the ALJ's findings were supported by substantial evidence. (ECF No. 15). Defendant argues the ALJ was not required to find obesity to be a severe impairment as, despite BMI findings noted in the record within the obesity range, Plaintiff was never diagnosed with obesity. (ECF No. 16). Defendant argues that while Plaintiff's physician recommended weight loss and core strengthening to address pain, he did not indicate Plaintiff was obese or that his weight was causing any functional limitations. Finally, Defendant argues the ALJ had already limited Plaintiff to sedentary work with additional limitations, and

Plaintiff had failed to show how obesity would cause additional limitations beyond the scope of the above RFC.

The Court has reviewed the entire transcript and the parties' briefs, and agrees with Defendant's assertion that this decision was supported by substantial evidence. While Plaintiff's BMI in medical records was in the obese range on several occasions, his own physicians did not diagnose him with obesity and treated him for weight loss only upon his request for a weight loss prescription. (Tr. 749–53). For the reasons stated in the ALJ's well-reasoned opinion and in the Defendant's brief, the Court finds Plaintiff's arguments on appeal to be unpersuasive and finds the record as a whole reflects substantial evidence to support the ALJ's decision.  Accordingly, the ALJ's decision is hereby summarily affirmed, and Plaintiff's Complaint is dismissed with prejudice.  *See Sledge v. Astrue*, 364 Fed. Appx. 307 (8th Cir. 2010)(district court summarily affirmed the ALJ).

IT IS SO ORDERED this 28th day of June 2022.

/s/ *Christy Comstock*
HON. CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE